IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 6:17-cv-02010-TMC-JDA |
| Plaintiff, | ) | |
| v. | ) | |
| DENNIS D. BROOKS, | ) | **MEMORANDUM OF LAW** |
| BARBARA D. BROOKS, | ) | **IN SUPPORT OF MOTION FOR** |
| GREENVILLE COUNTY TAX | ) | **SUMMARY AND DEFAULT** |
| COLLECTOR, | ) | **JUDGMENT** |
| COACH HILLS HOMEOWNER'S | ) | |
| ASSOCIATION, INC., and | ) | |
| SOUTH CAROLINA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| Defendants. | ) | |

Plaintiff, the United States of America, provides the Court with this memorandum of law in support of its Motion for Summary and Default Judgment.

## Nature of the Case

The United States initiated the above-captioned civil action by filing a Complaint on July 28, 2017. (ECF No. 1.) Through its Complaint, the United States seeks to reduce to judgment income tax assessments against Dennis D. Brooks and foreclose federal tax liens that attach to real property located at 10 Twin Oaks Court, Greenville, South Carolina.

16809329.2

**Facts**

**A.     Dennis D. Brooks' Unpaid Federal Income Tax Liabilities**

1.     Dennis D. Brooks failed to file tax returns for the years 2000, 2005 through 2007, and 2011.  (Helms Decl. ¶ 3.)[1]  As a result, the Internal Revenue Service ("IRS") calculated the income tax he owed for those years and sent notices of deficiency for the liabilities it determined to Brooks' last known address as required by § 6212 of the Internal Revenue Code (26 U.S.C.).  (*Id.*)  Brooks did not petition the United States Tax Court to challenge those notices of deficiency, and the restriction on assessment imposed by I.R.C. § 6213 lapsed.  (*Id.*)

2.     On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against Brooks the income taxes for the tax periods indicated, plus applicable penalties and interest:

| Tax Year | Assessment Date | Tax | Interest | Penalties | |
|---|---|---|---|---|---|
| 2000 | 07/30/2007 | $56,184.00 | $32,395.58 | $ 3,021.76 | * |
|  |  |  |  | $12,641.40 | ** |
|  |  |  |  | $14,046.00 | *** |
|  | 07/15/2013 |  | $34,147.27 |  |  |
|  | 07/14/2014 |  | $ 4,355.67 |  |  |
|  | 07/20/2015 |  | $ 4,512.16 |  |  |
|  | 07/25/2016 |  | $ 5,060.64 |  |  |
| 2005 | 05/11/2009 | $62,903.00 | $18,165.94 | $ 2,523.11 | * |
|  |  |  |  | $14,152.95 | ** |
|  |  |  |  | $11,637.05 | *** |
|  | 07/18/2011 |  |  | $ 4,088.69 | *** |
|  | 07/15/2013 |  | $17,551.22 |  |  |

---

[1] IRS Revenue Officer Eric Helms' declaration and its exhibits are attached to the Motion as Gov't Ex. 1.  All references to the declaration in this memorandum will be in this form.

| Year | Date | | | | |
|---|---|---|---|---|---|
|  | 07/14/2014 |  | $ 3,978.95 |  |  |
|  | 07/20/2015 |  | $ 4,179.83 |  |  |
|  | 07/25/2016 |  | $ 4,758.02 |  |  |
| 2006 | 05/11/2009 | $71,761.00 | $12,522.24 | $ 3,378.09 | * |
|  |  |  |  | $16,069.50 | ** |
|  |  |  |  | $ 8,927.50 | *** |
|  | 07/18/2011 |  |  | $ 8,927.50 | *** |
|  | 07/15/2013 |  | $18,324.62 |  |  |
|  | 07/14/2014 |  | $ 4,238.83 |  |  |
|  | 07/20/2015 |  | $ 4,452.83 |  |  |
|  | 07/25/2016 |  | $ 5,068.78 |  |  |
| 2007 | 04/26/2010 | $56,749.00 | $ 6,949.30 | $ 2,582.72 | * |
|  |  |  |  | $12,768.08 | ** |
|  |  |  |  | $ 7,093.38 | *** |
|  | 07/18/2011 |  |  | $ 7,093.37 | *** |
|  | 07/15/2013 |  | $10,315.13 |  |  |
|  | 07/14/2014 |  | $ 3,144.63 |  |  |
|  | 07/20/2015 |  | $ 3,303.40 |  |  |
|  | 07/25/2016 |  | $ 3,760.61 |  |  |
| 2011 | 12/29/2014 | $ 9,719.00 | $   965.76 | $   183.78 | * |
|  |  |  |  | $ 2,098.58 | ** |
|  |  |  |  | $ 1,538.95 | *** |
|  | 07/20/2015 |  | $   237.46 | $   606.26 | *** |
|  | 07/25/2016 |  | $   511.34 | $   186.54 | *** |

\*       Failure to Pre-Pay Penalty – IRC §  6654
\*\*      Failure to File Penalty – IRC § 6651(a)(1)
\*\*\*     Failure to Pay penalty – IRC § 6651(a)

(Helms Decl. ¶ 4, Exs. A-E.)

3.      A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax described in paragraph 2, above, to Brooks and made demand for payment.  (*Id.* ¶ 7.)

3

16809329.2

4.     Despite notices of the assessments and demands for payment, Brooks has failed to fully pay the assessments described in paragraph 2 above. (*Id.* ¶ 7.) As of August 6, 2018, Brooks owes the United States $622,849.14 on those assessments, plus penalties and interest that continue to accrue subsequent to August 6, 2018, as provided by law. (*Id.* ¶ 7, Ex. F.)

5.     Brooks' Answer to the Complaint states that "the [assessed] amounts listed in the chart are erroneous as they did not take into account the cost basis for the years mentioned." (ECF No. 14 ¶ 12.) In his deposition, Brooks explained this claim by insisting that the assessments are based on erroneous computations of capital gains from stock and/or mutual fund sales to which the IRS attributed a zero basis. (Brooks Dep. 59:1-16.)[2]

6.     The United States requested that Brooks produce in discovery all documents that pertain to his income tax liabilities and any documents that pertain to basis he may claim in stocks. (May Decl. ¶ 3; Gov't Ex. 4.)[3]  Over various dates, Brooks has mailed and faxed documents including Forms 1040 for the years at issue and partial records pertaining to stocks or mutual funds. (May Decl. ¶ 4.)

### B.     Tax Liens on the Subject Property

7.     The real property subject to foreclosure in this action is a property located at 10 Twin Oaks Court, Greenville, South Carolina ("Subject Property"). The legal description of the Subject Property is as follows:

> All that certain piece, parcel, or lot of land, situate, lying and being in the County of Greenville, State of South Carolina being shown and designated as Lot 110 on a plat of Coach Hills subdivision recorded in Plat Book 4X, Page 86 and refiled in

---

[2] The cited excerpt of Brooks' Deposition, along with the exhibit referred to in the cited portion, are attached to the Motion as Gov't Ex. 2.

[3] The Declaration of Michael May is attached to the Motion as Gov't Ex. 3.

> Plat Book 4X, Page 94 in the Greenville County RMC Office and having, according said plat, the following metes and bounds, to-wit:
>
> BEGINNING at a point on the southern side of Twin Oaks Court at the joint front corner lots 109 and 110 and running thence with the side of said Twin Oaks Court N. 56-17 E. 23.29 feet to a point and N. 43-07 E. 26.56 feet to a point at the joint front corner of Lots 110 and 111; thence with the common line of said lots, S. 46-58 E. 153.26 feet to a point in the line of Lot 112; thence with the line of said lot S. 32-12 W. 112 feet to a point in the line of property now or formerly of Mary Louise Tierney; thence with the line of said property N. 81-57 W. 100.18 feet to a point at the joint rear corner of Lots 109 and 110; thence with the common line of said lots, N. 3-23 E. 153.29 feet to the point of beginning and being the same property conveyed to Sue A. Alton, formerly Sue A. Smith by deed of Mary Elizabeth Briggs dated and recorded December 15, 1978 in the RMC Office for Greenville County in Deed Book 1093, Page 830.
>
> This being the same property conveyed to Dennis D. Brooks and Barbara D. Brooks by that certain deed of Sue A. Alton dated December 17, 1979, and recorded in the Greenville County RMC Office in Book 1119, at Page 495 on January 24, 1980.
>
> Tax Map No. 0540010118900

(Helms Decl. ¶ 11, Ex. H.)

8.     As a result of Brooks' failure to satisfy the assessments described in paragraph 2 above after notice and demand for payment, federal tax liens arose on the dates of assessment and attached to all property and all rights to property of Brooks, including the Subject Property. (*Id.* ¶ 8.)

9.     Brooks and Defendant Barbara D. Brooks acquired title to the Subject Property by a deed from Sue Alton, formerly Sue A. Smith, dated December 17, 1979. That deed was recorded on January 24, 1980, in the public records of Greenville County, South Carolina, at Book 1119, Page 495. (*Id.* ¶ 10, Ex. H.)

10.     On the following dates, a delegate of the Secretary of the Treasury caused notices of federal tax lien to be recorded in the public records of Greenville County, South Carolina, at the book and pages identified as follows:

| Date Recorded | Tax Year(s) | Book | Page |
|---|---|---|---|
| 07/20/2010 | 2000<br>2005<br>2006 | MI 51 | 1814 |
| 09/29/2015 | 2007<br>2011 | MI 107 | 769 |
| 12/07/2016 | 2006 | MI 122 | 1572 |

(*Id.* ¶ 9, Ex. G.)

11.    Should future real property taxes on the Subject Property be unpaid, Defendant Greenville County Tax Collector ("County") will claim a first lien for those taxes against the property. (Stip. ¶ 3.)[4]

12.    SCDOR and the United States have stipulated as to the priority of their respective claimed tax liens. (*Id.* ¶ 6.) They, along with County, further agree that SCDOR and the United States have liens against the Subject Property for the income tax periods identified in the table that follows, and that those liens are listed in the order of their priority. (*Id.*)

| Lien Holder | Assessment Date | Income Tax Period |
|---|---|---|
| USA | 7/30/2007 | 2000 |
| USA | 5/11/2009 | 2005 |
| USA | 5/11/2009 | 2006 |
| SCDOR | 11/25/2009 | 2005 |
| SCDOR | 11/25/2009 | 2006 |
| USA | 4/26/2010 | 2007 |
| USA | 12/29/2014 | 2011 |

(*Id.* ¶ 6.)

---

[4] On February 8, 2018, the United States and Defendants County and the South Carolina Department of Revenue ("SCDOR") filed their Stipulation as to Priority of Interests. (ECF No. 52.) All references in this memorandum to that stipulation will be in the form given above.

  **C.**  **Coach Hills' Default**

  13.  Defendant Coach Hills Homeowner's (sic) Association, Inc. ("Coach Hills"), was served with the summons and complaint in this action by delivery to its registered agent for service of process on August 16, 2017. (ECF No. 8-1.) Coach Hills was required to answer or otherwise respond on or before September 6, 2017. It has not filed a responsive pleading or otherwise appeared in this case as required by the Federal Rules of Civil Procedure, and its default has been entered by the Clerk. (ECF Nos. 23, 24.)

### Argument

  The standard for summary judgment is well-settled. "The entry of summary judgment is appropriate only where there are no genuine disputes of material fact." *Gomez v. Haystax Tech., Inc.*, 292 F. Supp. 3d 676, 680 (E.D. Va. 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The undisputed material facts recited above establish that assessments were made against Brooks for his unpaid federal income tax liabilities for the years at issue. Those assessments, which have not been paid, are presumed to be correct, and Brooks has failed to produce admissible evidence sufficient to rebut that presumption. Federal tax liens arose upon assessment of those liabilities and attached to the Subject Property. Therefore, the Court should enter summary judgment in favor of the United States and against Brooks for his unpaid tax debts and should order the foreclosure and sale of the Subject Property. Default judgment against Coach Hills is also appropriate since it has failed to answer or otherwise appear in this action.

  I.  <u>The Court Should Enter Judgment for Brooks' Unpaid Income Taxes.</u>

  An assessment of federal tax by the IRS is presumed valid. *See, e.g.*, *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Balkissoon v. Comm'r*, 995 F.2d 525, 529 (4th Cir. 1993); *Higginbotham v. United States*, 556 F.2d 1173 (4th Cir. 1977); *United States v. Cox*, 1979 WL 1393 *3 (D.S.C. 1979). Furthermore, a Form 4340 "Certificate of Assessments, Payments and

Other Specified Matters," provides "presumptive proof of a valid assessment." *Audio Invs. v. Robertson*, 293 F. Supp. 2d 555, 561 (D.S.C. 2002); *see also United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007) (The Form 4340 is prima facie proof of tax liability).  A district court may properly rely on certificates of assessment to conclude that proper assessments were made unless a taxpayer presents evidence to the contrary.  *United States v. Taylor*, 2000 WL 1683007 at *4 (D.S.C. 2000) (*citing Guthrie v. Sawyer*, 970 F.2d 733, 737-38 (10th Cir. 1992)); *see also Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) (*citing Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1969)).  The United States has provided Forms 4340 establishing the existence of the assessments and that they remain unpaid.  (Helms Decl. Exs. A-E.)  Thus, the Court should enter judgment in the United States' favor because Brooks cannot present evidence to rebut the presumption of correctness.

     Although Brooks has raised arguments and made contentions that the assessments against him are incorrect, he has failed to produce any admissible evidence in support of those contentions sufficient to rebut the presumption of correctness of the assessments.  Brooks contends that the IRS made errors in computing his income.  For example, Brooks' Answer to the Complaint states that "the [assessed] amounts listed in the chart are erroneous as they did not take into account the costs basis for the years mentioned."  (ECF No. 14 ¶ 12.)  As noted above, he has explained this claim by insisting that the assessments are based on erroneous computations of capital gains from stock and/or mutual fund sales to which the IRS attributed a zero basis.  (Brooks Dep. 59:1-16.)  This explanation is insufficient to create a dispute of fact on this score because—standing alone—self-serving testimony is insufficient to rebut the presumption.  And, he has failed to produce any admissible evidence in support of it.

The Internal Revenue Code provides that gain from the sale of property is the amount realized from the sale over the property's adjusted basis as defined in section 1011. 26 U.S.C. § 1001(a). Here, the basis of the stock or mutual funds on which Brooks' gain is to be computed was its cost. *See* 26 U.S.C. §§ 1011, 1012(a); *see also Brannen v. Comm'r*, 722 F.2d 695, 701 (11th Cir. 1984). The burden to establish the basis for each transaction rests entirely on Brooks. *See, e.g.*, *Gen. Ins. Agency, Inc. v. Comm'r*, 401 F.2d 324, 329 (4th Cir. 1968) (burden is on taxpayer to substantiate deductions); *O'Neill v. Comm'r*, 271 F.2d 44, 50 (9th Cir.1959) ("Proof of basis is a specific fact which the taxpayer has the burden of proving."); *Wright v. Comm'r*, T.C.M. 2007-50 *7 (T.C. 2007). Furthermore, when a taxpayer fails to meet his burden of establishing basis, it is proper to determine that the basis in the asset is zero, in which case the gain will simply equal the amount realized from the sale. *See O'Boyle v. Comm'r*, T.C.M. 2010-149 *3 (T.C. 2010), *aff'd*, 464 F. App'x 4 (D.C. Cir. 2012); *Karara v. Comm'r*, T.C.M. 1999-253 *3 (T.C. 1999), *aff'd sub nom. Karara v. Comm'r*, 214 F.3d 1358 (11th Cir. 2000).

The documents produced by Brooks in this case cannot satisfy his burden to prove his basis in stocks that were sold for purposes of computing his income because they are inadmissible. In response to discovery requests, Brooks produced documents that included Forms 1040 along with some records that he purports pertain to various stock sales that occurred during the tax years at issue in this case. Brooks apparently intends to rely on those documents to rebut the presumption of correctness of the assessments against him. However, as out of court "statements", those documents are inadmissible hearsay to the extent Brooks intends to offer them to prove the truth of the matters contained therein. Fed. R. Evid. 801, 802. As such, they cannot be admitted into evidence at trial and should be given no weight for purposes of considering summary judgment. *See* Fed. R. Civ. P. 56(C)(2); *see Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of*

9

*Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995) (inadmissible hearsay insufficient to support opposition to summary judgment); *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999), *aff'd*, 213 F.3d 632 (4th Cir. 2000).

Furthermore, Brooks' own uncorroborated, self-serving testimony that he had basis in the stocks is insufficient as a matter of law to meet his burden on the issue. *See Liddy v. Comm'r*, 808 F.2d 312, 315 (4th Cir. 1986) (uncorroborated statements insufficient as a matter of law to meet taxpayer's burden to rebut presumption of correctness of IRS determinations); *United States v. MacAlpine*, No. 1:13-CV-00053-MR-DLH, 2014 WL 1373828, at *3 (W.D.N.C. Apr. 8, 2014) (same); *see also*, *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (self-serving testimony without corroboration is not "probative."); *DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 570 (E.D. Va. 2013) (it is "well established" that self-serving testimony of party with the burden of proof on an issue is insufficient to create a material dispute of fact to preclude summary judgment.) Thus, the Court should find that Brooks cannot rebut the presumption of correctness that attaches to the tax assessments made against him and enter summary judgment in favor of the United States, accordingly.

II. <u>The Federal Tax Liens Attach to the Subject Property and Should be Foreclosed, and the Subject Property Should be Sold.</u>

A tax lien arises by operation of law upon the assessment of an income tax deficiency. *See* 26 U.S.C. §§ 6321, 6322. A tax lien attaches to any interest a taxpayer holds or will hold in property, including that held by a nominee or alter ego. *See G.M. Leasing v. United States*, 429 U.S. 338, 350-51 (1977); *United States v. Gold*, 178 F.3d 718, 721 (4th Cir. 1998). The language of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that the taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20

(1985). Therefore, because of Brooks' unpaid federal income tax assessments, a lien has arisen and attached to all of his property interests, including his interest in the Subject Property.

The Court has jurisdiction to enforce a lien and subject property to payment of tax under 26 U.S.C. § 7403(a) where, as here, the United States brings suit at the request of the Secretary of the Treasury to enforce a tax liability. As noted above, federal tax liens arose and attached to all property and rights to property owned by Brooks at the time of the assessments made against him. 26 U.S.C. §§ 6321; 6322. Section 7403(c) of the Internal Revenue Code allows this court to finally determine all claims upon or liens to subject property, to decree a sale of the property if appropriate, and to determine the distribution of the proceeds of such sale.

The United States has recorded Notices of Federal Tax Lien for the unpaid federal tax liabilities of Brooks. (Helms Decl. ¶ 9, Ex. H.) The United States and the Defendants aside from the Brookses and Coach Hills have stipulated as to the priority of their respective interests in the property. (ECF No. 52); *see also*, *United States v. McDermott*, 507 U.S. 447, 449 (1993) (general priority rule with respect to federal tax liens is that "first in time is the first in right" and a competing lien or property interest is only "in existence when it has been 'perfected' in the sense that 'the identity of the lienor, the property subject to the lien, and the amount of the lien are established'"). Consequently, the Court should order the liens foreclosed, the Subject Property sold, and the proceeds from such sale attributable to Dennis Brooks' interest in the Subject Property, after payment of any expenses of sale, be distributed to the United States in full, or partial satisfaction of his outstanding federal tax liabilities and to the other interested parties in accordance with their stipulated priorities.

III.  <u>Default Judgment Is Appropriate Against Coach Hills.</u>

Rule 55(b) of the Federal Rules of Civil Procedure provides that a Court may enter judgment by default if the party against whom judgment is sought has failed to plead or otherwise defend in the action and is not an infant or incompetent person.  Coach Hills has failed to plead or defend this action, and its default has been entered.  As a corporation, it is not exempt from default judgment.  *See* Service Members Civil Relief Act, 50 App. U.S.C. § 501, et seq.  Furthermore, Coach Hills was only named as a party to the action as one who *may* claim an interest in the Subject Property, and the only inference to be made from its default is that it has no such interest.  A default judgment that it has no interest in and take nothing from any sale of the property is therefore appropriate.

## Conclusion

For all of these reasons, the Court should enter judgment in favor of the United States and against Dennis Brooks that he is liable for the unpaid tax assessments against him.  The Court should also order the foreclosure and sale of the Subject Property.  Finally, the Court should enter default judgment against Defendant Coach Hills that it has no interest in the Subject Property and that it take nothing from any such sale.

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

By:    MICHAEL W. MAY
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 14198
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-1857
    Facsimile: (202) 514-9868
    Michael.W.May@usdoj.gov

-and-

SHERRI A. LYDON
United States Attorney
District of South Carolina

By:    *s/ J. Douglas Barnett*
J. Douglas Barnett (#2144)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
Facsimile: (803) 254-5163
E-mail: doug.barnett@usdoj.gov

August 16, 2018

13

16809329.2