IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:17-cv-02010-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Dennis Brooks, Barbara Brooks, | ) | |
| Greenville County Tax Collector, | ) | |
| Coach Hills Homeowner's Association, Inc. | ) | |
| South Carolina Department of Revenue, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff seeks a default judgment against Defendant Coach Hills Homeowner's Association ("Coach Hills"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"). (ECF No. 114).[i]

As noted by the magistrate judge, Defendant Coach Hills was served with the summons and complaint by delivery to its agent for service of process on August 16, 2017. (ECF No. 114, at 4, ECF No. 8-1, at 2). Coach Hills was required to answer or otherwise plead on or before September 6, 2017. However, this defendant has not appeared or filed responsive pleadings, and the Clerk has entered its default. (ECF No. 114, at 4). In her Report, the magistrate judge correctly stated the standard governing a motion for default judgement, (ECF No. 114, at 9, 10), and concluded that default judgment was warranted in this case. Defendant Coach Hills was notified of its right to file objections to the Report (ECF No. 114-1), but no objections were filed.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for

1

adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the portion of the magistrate judge's Report (ECF No. 114) that recommends that the Plaintiff be granted default judgment establishing that Defendant Coach Hills has no interest in, and can take nothing from, any sale of the property described in the complaint. Accordingly, the Report (ECF No. 114) is adopted in part and only the Default Motion (ECF NO. 111) is **GRANTED,** as set forth herein.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 16, 2018

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[i] Plaintiff also moved for summary judgment against Defendants Barbara and Dennis Brooks, and the Magistrate Judge recommended that the court grant Plaintiff summary judgment (ECF No. 114). The Brooks filed a motion in which they alleged that they did not receive a copy of the Plaintiff's Motion for Summary Judgment and requested additional time to respond. (ECF No. 119). The court granted the Brooks an extension of time to respond to the summary judgment motion and declined to adopt that part of the Report. (ECF No. 125).