IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 6:17-cv-02010-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER OF FORECLOSURE** |
| | ) | **AND SALE** |
| DENNIS D. BROOKS, | ) | |
| BARBARA D. BROOKS, | ) | |
| GREENVILLE COUNTY TAX | ) | |
| COLLECTOR, | ) | |
| COACH HILLS HOMEOWNER'S | ) | |
| ASSOCIATION, INC., and | ) | |
| SOUTH CAROLINA DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

This Court, having granted the United States' Motion for Summary Judgment (ECF No. 173) and having entered Final Judgment (ECF No. 179), hereby authorizes the United States to foreclose the federal tax liens associated with the unpaid federal income tax liabilities of Dennis D. Brooks for the years 2000, 2005 through 2007, and 2011, and directs it to conduct a judicial sale of the following parcel of land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 10 Twin Oaks Court, Greenville, South Carolina ("Subject Property"). The legal description of the Subject Property is as follows:

> All that certain piece, parcel, or lot of land, situate, lying and being in the County of Greenville, State of South Carolina being shown and designated as Lot 110 on a plat of Coach Hills subdivision recorded in Plat Book 4X, Page 86 and refiled in Plat Book 4X, Page 94 in the Greenville County RMC Office and having, according said plat, the following metes and bounds, to-wit:
>
> BEGINNING at a point on the southern side of Twin Oaks Court at the joint front corner lots 109 and 110 and running thence with the side of said Twin Oaks Court N. 56-17 E. 23.29 feet to a point and N. 43-07 E. 26.56 feet to a point at the joint front corner of Lots 110 and 111; thence with the common line of said lots, S. 46-58 E. 153.26 feet to a point in the line in the line of Lot 112; thence with the line of

17382612.1

said lot S. 32-12 W. 112 feet to a point in the line of property now or formerly of Mary Louise Tierney; thence with the line of said property N. 81-57 W. 100.18 feet to a point at the joint rear corner of Lots 109 and 110; thence with the common line of said lots, N. 3-23 E. 153.29 feet to the point of beginning and being the same property conveyed to Sue A. Alton, formerly Sue A. Smith by deed of Mary Elizabeth Briggs dated and recorded December 15, 1978 in the RMC Office for Greenville County, South Carolina, in Deed Book 1093, Page 830.

This being the same property conveyed to Dennis D. Brooks and Barbara D. Brooks by that certain deed of Sue A. Alton dated December 17, 1979, and recorded in the Greenville County RMC Office in Book 1119, at Page 495, on January 24, 1980.

Tax Map No. 0540010118900

The Court now ORDERS that the Subject Property shall be sold in its entirety, under 26 U.S.C. §§ 7402(a) and 7403(b), in order to collect the unpaid federal income tax liabilities of Dennis D. Brooks, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Subject Property. The IRS, PALS, and their representatives shall be permitted to enter the Subject Property with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the Subject Property at such times as the IRS or PALS shall determine are reasonable and convenient.

2. **Terms and Conditions:** The terms and conditions of the sale are as follows:

   a. The sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the Plaintiff the United States of America, Defendants Dennis D. Brooks, Barbara D. Brooks, Greenville Tax Collector ("County"), Coach Hills Homeowner's Association, Inc. ("Homeowners"), South Carolina Department of Revenue ("SCDOR"), and any successors in interest or transferees of those parties.

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances)

affecting the Subject Property, and easements, restrictions, and reservations of record, if any.

### *Sale Location*

c. The sale shall be held either at the courthouse of the county or city in which the Subject Property is located or on the Subject Property's premises.

### *Notice of Sale*

d. The PALS shall announce the date and time for sale.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Greenville County, and, at the discretion of PALS, by any other notice or advertisement that PALS deems appropriate. The notice of the sale shall contain a description of the Subject Property and shall contain the material terms and conditions of sale set forth in this order of sale.

f. The Subject Property shall be offered for sale "as is," with all faults and without any warranties either express or implied.

### *Redemption*

g. The sale shall be made without any right of redemption.

### *Minimum Bid*

h. The PALS shall set, and may adjust, the minimum bid for the Subject Property. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

17382612.1

*Payment of Deposit and Balance*

i.      At the time of the sale, the successful bidder(s) shall deposit with PALS, by cash or by money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the District of South Carolina, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale. The United States may bid as a creditor against its judgment without any tender of cash or check to the extent that it holds a first lien on the Property after the payment of any claims of local taxing authorities for real property taxes and other local assessments due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6).

j.      The successful bidder(s) shall pay the balance of the purchase price for the Subject Property within sixty (60) days following the date of the sale. The cash or money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the District of South Carolina shall be given to PALS, which will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the federal income tax liabilities of Dennis D. Brooks. The Clerk shall distribute the deposit as directed by PALS by check drawn payable to the "United States Department of Justice." The Subject Property shall be again offered for sale under the terms and conditions of this

order of sale or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Subject Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

  k. The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided in this order pursuant to further order of this Court.

### *Confirmation of Sale*

  l. The sale of the Subject Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Subject Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Subject Property that are held or asserted by the parties to this action are discharged and extinguished.

  m. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Subject Property, effective as of the date of the confirmation of the sale, to the successful bidder(s). Also, after this Court confirms the sale, and on receipt of the deed from the successful bidder, the Recording Official of Greenville County, South Carolina, shall cause the transfer of the Subject Property to be reflected upon that county's register of title. The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

  n. All rights to rents of or from the Subject Property arising after the issuance of this Order and before the confirmation of the sale of the Subject Property shall constitute proceeds of the Subject Property and such rents shall be turned over to, and paid to, the

PALS for deposit and distribution in the same manner as the proceeds of the sale of the Subject Property.  On confirmation of the sale of the Subject Property, all rights to product, offspring, rents, and profits of or from the Subject Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Subject Property shall transfer to the successful bidder(s).

3. **<u>Preservation of the Property</u>:**  Up until the date that this Court confirms the sale of the Subject Property, Defendants Dennis D. Brooks and Barbara D. Brooks, and their agents, shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Property.  All occupants of the Subject Property shall neither commit waste against the Subject Property nor cause or permit anyone else to do so.  All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4. **<u>Vacating the Property</u>:** All persons occupying the Subject Property shall vacate the Subject Property permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and

appurtenances to the Subject Property).  The United States, the IRS, or PALS may, in writing and in its sole discretion, extend the time to vacate.

If any person fails or refuses to vacate the Subject Property by the date specified in this order of sale or, as extended in writing by the United States, the IRS, or PALS, or attempts to re-enter the Subject Property thereafter, the PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded, in particular:

    a.    The United States Marshal Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose of executing this Order.

    b.    The United States Marshal Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of the Order of Sale.

5.    **Abandoned Personal Property:**  Any personal property remaining on the Subject Property 30 days after the date of this order of sale, or as extended in writing by the United States, the IRS, or PALS, is deemed forfeited and abandoned, and PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution.  Money orders and checks for the purchase of the personal property shall be drawn payable to the Clerk of the United States District Court for the District of South Carolina, and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court.

17382612.1

6. **Forwarding Address:** No later than two business days after vacating the Subject Property pursuant to the deadline set forth in paragraph 4, above, Defendants Dennis D. Brooks and Barbara D. Brooks shall notify counsel for the United States of a forwarding address and telephone number where they can be reached.  Notification shall be made by contacting the Trial Attorney Michael W. May of the United States Department of Justice Tax Division at (202) 616-1857 or michael.w.may@usdoj.gov.

7. **Access to the Property:** Up until the date that this Court confirms the sale of the Subject Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Subject Property in order to take any and all actions necessary to preserve the property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Property.

8. **Claims:** After the Court confirms the sale(s) of the Subject Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

    a. First, to the Internal Revenue Service Property Appraisal and Liquidation Specialists and/or any receiver appointed pursuant to 26 U.S.C. § 7403(d), for any fees and all costs and expenses incurred with respect to the foreclosure sale.

    b. Second, to the Greenville County Tax Collector or other local taxing authority, for unpaid and matured real property taxes owed on either subject property, if any.

    c. Third, the remaining proceeds to be distributed equally to:

        (1) Barbara Brooks for her interest in the Subject Property, and

        (2) the United States and the South Carolina Department of Revenue in accordance with the priorities of their respective liens against the interest of Dennis

D. Brooks in the Subject Property as set forth in the table that follows, to satisfy in whole or in part Dennis D. Brooks' federal and state income tax liabilities:

| Lien Holder | Assessment Date | Income Tax Period |
|---|---|---|
| USA | 7/30/2007 | 2000 |
| USA | 5/11/2009 | 2005 |
| USA | 5/11/2009 | 2006 |
| SCDOR | 11/25/2009 | 2005 |
| SCDOR | 11/25/2009 | 2006 |
| USA | 4/26/2010 | 2007 |
| USA | 12/29/2014 | 2011 |

d.    If there are any remaining proceeds after the distributions identified above, those should be held by the Clerk of the Court pending a determination by the Court of the proper disposition of such proceeds.

**IT IS SO ORDERED AND ADJUDGED.**


                                s/Timothy M. Cain
                                United States District Judge

March 21, 2019
Anderson, South Carolina

9

17382612.1